Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DAVID LAIDERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 24SL-CC03900 |
| | ) | |
| VETERANS CARE SERVICES | ) | |
| ADMINISTRATION, LLC, ET AL., | ) | Division No.: 12 |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DAVID LAIDERMAN'S SECOND AMENDED PETITION**

COMES NOW, Plaintiff David Laiderman, by and through his undersigned counsel, and for his Second Amended Petition states to the Court as follows:

1. Plaintiff David Laiderman ("Plaintiff") is an individual who is and was at all times relevant, a resident of St. Louis County, Missouri.

2. Defendant Veterans Care Services Administration, LLC ("VCSA") is a limited liability company organized and existing under the laws of the state of Missouri, doing business in the County of St. Louis, State of Missouri and sometimes doing business as or as agent or affiliate of Defendant Veterans Home Care, LLC.

3. Defendant Veterans Home Care, LLC ("VHC") is, and was at all times relevant, a limited liability company organized and existing under the laws of the state of Missouri, doing business in the County of St. Louis, State of Missouri.

4. Defendant Howard Laiderman is, and was at all times relevant, an individual residing in St. Louis County, Missouri and Broward County, Florida, doing business as a member, manager, or officer of Defendants VCSA and VHC, and at all times relevant acted individually and as agent for Defendants VCSA and VHC.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

5. Defendant Craig M. Ceranna ("Defendant Ceranna") is an individual who is, and was at all times relevant, residing in St. Louis County, Missouri, who served as Chief Financial Officer of Defendant VHC at all times relevant until March 2024.

6. At all times relevant, Defendants VCSA and VHC were and are in the business of providing products and services to United States Military Veterans and their surviving spouses in connection with benefits to which they may be entitled from the Department of Veterans Affairs. ("Business").

7. At all times relevant, Defendant VCSA worked in association with or was otherwise affiliated with a number of separate entities, including but not limited to Ness Holding Co., LLC ("Ness"), certain wholly owned subsidiaries of Ness or Defendant VCSA and entities in which Ness or Defendant VCSA owned at least a 20% equity interest (Ness' Subsidiaries"), certain entities in which Ness or Ness' Subsidiaries owned at least 50% equity interest, VHC, BHF Group, LLC, SmartCompanionCare Holding LLC ("SmartCompanion"), any entity in which SmartCompanion or its subsidiary owned at least 50% equity, SmartCompanion Care, LLC, Chronic CareAssist Holding, LLC, "(CCH"), Chronic CareAssist, LLC, any entity in which CCH or its subsidiary owned at least 50% equity, and BL, LLC. (Defendant VCSA and the foregoing affiliated entities are hereafter sometimes referred to as "Company Entities,").

8. On or about September 6, 2021, Plaintiff entered into an Employment Agreement with Defendant VCSA (the "Agreement"), wherein VCSA agreed to employ Plaintiff as Chief Innovation Officer ("CIO") as it relates to the efforts and affairs of the Company Entities. A copy of the Agreement is marked as **Exhibit 1** and attached hereto and incorporated herein by reference.

9. Under the Agreement, Defendant VCSA was to pay Plaintiff an annual salary of $271,000.00.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

10. The Agreement provided that Plaintiff was eligible to receive a performance bonus and additional commissions ("Performance Bonus") based on a certain percentage of annual growth goals and performance milestones with respect to the Company Entities.

11. Further, in the event that VSCA terminated Plaintiff "without cause, Plaintiff was entitled to severance in the total amount of $100,000.00 under the Agreement.

12. Thereafter, on or about January 2022, the Agreement was amended by all parties, via an oral agreement and/or course of dealing between Plaintiff and Defendants VCSA, VHC and the Company Entities, wherein Defendants VCSA and VHC and the other Company Entities agreed to employ Plaintiff in the Position of Chief Executive Officer ("CEO") in exchange for certain increased annual salary compensation, and quarterly bonus payments contingent upon meeting of financial goals set by Defendant VCSA or Defendant VHC or their Parent Company's board of directors, together with benefits under Defendant VCSA's Phantom Equity Plan, a monthly vehicle stipend and other benefits provided to employees of Defendants VCSA and VHC as set forth in the original Agreement.

13. Although the amount of Severance Payments to which Plaintiff is entitled under the parties' amendment to the Agreement was not specifically agreed upon, a reasonable amount for such required payments should properly be implied by the Court to be payable to Plaintiff under the Agreement in an amount no less than the sum of $150,000.00 which amount was paid by Defendants as severance to another executive departing Defendant VCSA who was not as senior as Plaintiff.

14. Further, on or about September 6, 2021, as an inducement to Plaintiff to enter into the Agreement marked Exhibit 1 hereto, Defendant VCSA created a Phantom Equity Plan, (the "Plan") and entered into an Award Agreement under such Plan with Plaintiff ("Award

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

Agreement"), which Plan and Award Agreement are marked as **Exhibit 2** and **Exhibit 3**, respectively and attached hereto and incorporated herein by reference.

15. Prior in time to any breach by Plaintiff of the Agreement, the Plan, or the Award Agreement, which Plaintiff denies, Defendant VCSA breached the Plan and Award Agreement, and negated a substantial part of the consideration for and inducement to Plaintiff's execution of the Employment Agreement, by failing to commence payments due Plaintiff under the Plan and Award Agreement on the last day of August 2024, as required by Section 4 of the Plan, and further by failing to provide Plaintiff with an analysis of amounts due Plaintiff thereunder as a result of the termination of his employment.

16. On or about January 2023, Defendant VHC hired Defendant Ceranna as Chief Financial Officer.

17. Thereafter, on or about February 2024, Defendant Ceranna made allegations to Defendant VHC's Chief of Staff, Shelli Alred that Plaintiff David Laiderman "was embezzling money" from VHC; that Plaintiff David Laiderman's "emails showed he was co-mingling money," and stated that "was the same thing as embezzlement;" and that Plaintiff "had a lot of addictions" and that a claim Plaintiff had made about having been mugged on a work trip where an actual police report was filed in both Town and Country, Missouri and Hillsborough County, Florida for the crime "was an elaborate cover up for an affair he was having."

18. Upon information and belief, in March 2024, Defendant Ceranna told VHC legal counsel Heidi Friedman and at least one other VHC employee that Plaintiff "had embezzled $7,000,000.00" from Defendant VHC.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

19. Upon information and belief, Ceranna also stated to VHC Chairman, without any evidence of the same, that Howard Laiderman that Plaintiff David Laiderman "was co-mingling money," "was embezzling," and "had stolen more than $7,000,000.00 from VHC."

20. On July 17, 2024, after learning from legal counsel about the enactment of new laws directly impacting Defendant VCSA's business operations in New Jersey, Louisiana and Maine, Plaintiff contacted Howard Laiderman, Chairman of VCSA, pleading in an email titled "IMPORTANT," that Defendant VCSA stop doing business in those states ("July 17th Email"), which is marked **Exhibit 4**, and attached hereto and incorporated herein by reference.

21. In his July 17th Email, Plaintiff elaborated on his concerns about continuing to do business in those states, noting that based on discussions with attorneys, he had reason to believe that Defendant VCSA and individual staff members were at "substantial risk of being held liable for civil damages."

22. In his July 17th Email, Plaintiff also highlighted his concerns regarding the two pending Attorney General complaints in Illinois and Arkansas that could potentially lead to the discovery that Defendant VCSA and Company Entities owed millions of dollars to veterans for care that was paid for and not delivered.

23. Plaintiff also warned Howard Laiderman, in his July 17th Email, about his treatment of employees at Defendant VCSA and Company Entities, suggesting that Howard Laiderman's use of harassment in the form of intimidation in the workplace caused a female general counsel to resign and may cause other employees to do the same.

24. On the morning after the July 17th Email, the then current Chief of Staff, Shelli Alred, sent a group Microsoft Teams chat, including Plaintiff and Howard Laiderman, stating that

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

Howard Laiderman had threatened her safety if she did not cooperate with his demands of her related to payroll documents and access to Plaintiff's personal email.

25. Only a day after Plaintiff Laiderman sent his July 17th Email, Defendant VCSA notified Plaintiff that his Agreement with Defendant VCSA was abruptly terminated "for cause" effective as of July 18, 2024.

26. Defendants' July 18, 2024 notice of termination of Plaintiff's employment with VSCA and its affiliates did not specify what conduct of Plaintiff allegedly constituted "cause" for his termination, nor was Plaintiff afforded any opportunity to cure any such conduct.

27. Thereafter, on or about August 12, 2024, counsel for Defendant VCSA clarified that Plaintiff had actually been terminated "without Cause" as that term is used in the Agreement.

28. Prior in time to any breach by Plaintiff of the Agreement, which Plaintiff denies, Defendant VCSA and Defendant VHC have either breached and/or anticipatorily breached their obligation under the Agreement to pay Plaintiff a Performance Bonus for the 2nd Quarter of 2024 by failing and to pay Plaintiff such Performance Bonus as and when Performance Bonuses were paid to other employees of Defendant VCSA and/or by unequivocally expressing their intention not to pay Plaintiff the same upon their false assertion that Plaintiff is not entitled to receive such Performance Bonus because he allegedly failed to meet all criteria required to be met in order for him to earn the same, while said Defendants simultaneously falsely assert that no performance standards are in place to determine Plaintiff's eligibility to receive a Performance Bonus, all to Plaintiff's damage.

29. Performance goals governing Plaintiff's eligibility to receive a performance Bonus for the 2nd quarter of 2024 were, in fact, adopted by Defendant VCSA as evidenced by Defendant VCSA's payment of quarterly bonuses to employees of Defendant VCSA for the immediately

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

prior three (3) quarters and payment of the same to other employees of Defendant VCSA for the 2nd quarter of 2024 in accordance with a bonus plan developed by Defendant VCSA's prior Chief Financial Officer.

30. If no such performance goals had been established, then Prior in time to any breach by Plaintiff of the Agreement, which Plaintiff denies, Defendants VCSA and VHC have further breached their Agreement with Plaintiff by virtue of the Board of their "Affiliated" "Parent" "Company Entity" (as such terms are defined in the Agreement) having failed to use good faith efforts to set goals for Plaintiff's eligibility to receive a Performance Bonus under the Agreement on or before the 60th day of the calendar year in question, as required by Section 3(c) of the Agreement, all to Plaintiff's damage.

31. Defendants VCSA or VHC also breached their Agreement with Plaintiff prior in time to any breach by Plaintiff of the Agreement, which Plaintiff denies, by further failing to provide Plaintiff with thirty (30) days advance notice of termination.

32. In addition, prior in time to any breach by Plaintiff of the Agreement, which Plaintiff denies, Defendants VCSA and VHC further breached their Agreement by stating that they do not intend to pay Plaintiff the severance payments which are properly due him as mentioned above ("Severance Payments"), and by conditioning payment of any Severance Payments to Plaintiff upon his execution of a general release of the Company Entities including Defendants, which condition set forth in the Agreement should be determined by the Court to be inequitable, unconscionable, void, and unenforceable under the circumstances present, including Defendant VCSA and VHC's prior breaches of the Agreement and Defendants allegations of alleged unspecified wrongful conduct perpetrated on the part of Plaintiff against Defendant VCSA as well as Defendants' ongoing investigation of the same by Defendant VCSA, all of which took

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

place subsequent to the date of the parties' Agreement, and all of which expose Plaintiff to allegations of damages by Defendant VCSA and Defendant VHC, and the release of Defendants for such prior breaches and potential damages would afford an inequitable windfall to Defendants.

33. Defendant VCSA's termination of Plaintiff has further damaged Plaintiff in that Plaintiff will as a result of such termination be caused to forfeit any Award rights under Defendant VCSA's Phantom Equity Plan (the "Plan") which were only partially vested as of the date of his termination, all pursuant to Section 7 of such Plan.

34. In addition, Defendant VCSA entered into a certain Loan and Security Agreement dated February 17, 2023 between Defendant VCSA and Defendant VCSA's Lender ("Lender") which set forth the terms of an initial loan to Defendant VCSA by Lender of the sum of $2,500,000.00 together with up to an additional $4,500,000.00 of potential future advances to Defendant VCSA (the "LSA"). (The initial loan and any future advances mentioned above may hereafter be referred to as "Loan")

35. Plaintiff was induced by Defendant VCSA and Defendant Howard Laiderman to execute a certain guaranty agreement in favor of VCSA's Lender dated February 17, 2023 captioned "Validity Guaranty" (hereafter "Guaranty"), requiring performance by Plaintiff of obligations of VCSA under the Loan upon the occurrence of any prohibited act as defined in the Guaranty ("Prohibited Acts") and further requiring payment by Plaintiff to Lender of any other damages sustained by Lender arising out of any Prohibited Acts, all based upon representations that Plaintiff was an officer of one or more of said Defendant VCSA or the Company Entities and would derive a material benefit from such Loan.

36. Defendants VCSA and/or Defendant VHC terminated Plaintiffs employment without cause and without justification, and in breach of their duties of good faith and fair dealing

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

to him (a) after inducing Plaintiff concurrently with the execution of his employment Agreement to sell to said Defendants' affiliated entity, BL, LLC ("BL"), substantially all material assets of a business that he owned and which provided his livelihood prior to his employment by Defendants VCSA and VHC, and (b) after inducing Plaintiff to enter into the Employment Agreement by creating the Phantom Stock Plan and the Award Agreement, and thereafter breaching the same by failing to disclose the calculation of payments due to Plaintiff thereunder as a result of his termination of employment and said Defendants failing to begin making payments by the last day of the month of August 2024 following Plaintiff's termination of employment in July 2024, as required under the Plan (c) after having further induced Plaintiff to execute the Guaranty in connection with the Lender's Loan to Defendant VCSA mentioned above, and (d) by unequivocally stating that they would not pay him Severance money that was properly due to him without Plaintiff's execution of a general release in favor of the Company Entities, notwithstanding Defendants VCSA and VHC's prior breaches of the parties Agreement as mentioned above, and further notwithstanding allegations asserted by said defendants of alleged wrongful conduct on the part of Plaintiff and the existence of an ongoing investigation of the same, and (e) after the Defendant VCSA's Chairman improperly and tortiously interfered with Plaintiff's business relationship with Defendants VCSA and VHC, all while terminating Plaintiff's employment "without Cause" as set forth above, and subjecting Plaintiff to the restrictions of a Non-Competition agreement, a Customer Non-Solicitation agreement, and an Employee and Contractor Non-Solicitation agreement as set forth in Sections 7, 8, and 9 of the Agreement, respectively for a 2-year period after the termination of Plaintiff's employment with Defendant VCSA and its affiliated entities.

**COUNT I – TRO/ INJUNCTIVE RELIEF**

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

37. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

38. There is not sufficient non-public confidential or proprietary information that Plaintiff gained access to through his employment with Defendant VCSA or its affiliated entities in order to give rise to a legally protectable interest sufficient to support enforcement of the subject Non-Competition, Customer Non-Solicitation, and Employee and Contractor Non-Solicitation provisions ("Restrictive Covenants") mentioned above.

39. The subject Restrictive Covenants are further overbroad and not properly enforceable as written because they are substantially more restrictive than necessary to protect any lawfully protectable interest Defendants may have in any confidential non-public information, trade secrets, or employee, contractor or customer contacts.

40. The geographic scope within which such non-competition and other Restrictive Covenant provisions is stated to apply, comprise the entire United States and any foreign country in which Defendants do business, and is unreasonably overbroad and exceeds that which may be required to safeguard any protectible interest that Defendant VCSA or its affiliated entities may be deemed to have.

41. Further, as a result of the conduct of Defendant VCSA and its affiliated entities as mentioned above, said Defendants breached their Agreement with Plaintiff, the Plan and Award Agreement, including their duty of good faith and fair dealing under the Agreement, the Plan and Award Agreement, or any other employment agreement that may have been in force between them and Plaintiff, prior in time to any conduct which may, if at all, be proven to have constituted a breach of any provision of the Agreement by Plaintiff.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

42. In addition, in view of the foregoing, the enforcement of the Restrictive Covenants mentioned above would be inequitable and unconscionable as to Plaintiff under the circumstances present as set forth herein, including but not limited to those set forth in paragraphs 28 above, as was where, as here, Plaintiff's employment was terminated "without Cause."

43. The 2-year Restricted Period that such Non-Competition, Customer Non-Solicitation and Employee and Contractor Non-Solicitation provisions are stated to apply, is unreasonably overbroad and longer than reasonably necessary to safeguard any protectible interest that Defendant VCSA or its affiliated entities may be deemed to have.

44. Any enforcement of the Restrictive Covenants mentioned above will likely cause Plaintiff irreparable harm in that if enforced, they would prevent Plaintiff from earning a livelihood, feeding, housing and otherwise supporting his family, including his wife who is presently fighting stage 4 cancer and cannot work.

45. Through the verified factual allegations contained herein, Plaintiff has established a likelihood of success on the merits on its claims in the instant count of this Petition, that there exists no adequate remedy at law, and that a balancing of the equities favors the entry of a temporary restraining order followed by a preliminary and thereafter permanent injunction against the Defendants.

46. Plaintiff has made demand upon Defendant VCSA and Defendant VHC to acknowledge in writing that Plaintiff is not bound by the Restrictive Covenant provisions of the purported Agreement, but said Defendants have failed and refused to do so.

WHEREFORE, Plaintiff respectfully prays that this Court make and enter its orders and judgments against Defendants Veterans Care Services Administration, LLC and Veterans Home Care, LLC, and their affiliated entities, for all the following relief:

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

A. Enter a temporary restraining order and thereafter a preliminary and permanent injunction, immediately enjoining and restraining said Defendants from and after the date of this Court's order and Judgment for injunctive relief, from directly or indirectly enforcing or seeking to enforce the Restrictive Covenants mentioned above, and specifically order that said Defendants and their affiliated entities not directly or indirectly interfere with or seek any remedy for Plaintiff:

1. Working for or in, owning any interest in, or directly or indirectly controlling or consulting any business in competition with said Defendants or their affiliated entities, or other company in the same or similar business as that of said Defendants or their affiliated entities; and,

2. Selling or providing any products or services that compete with the business of said Defendants or their affiliated entities, and

3. Soliciting or performing any services for customers or prospective customers of said Defendants or their affiliated entities.

4. Soliciting, recruiting, hiring, engaging, or attempting to do the same regarding any employee or contractor of VCSA or its Affiliated Entities, or attempting to induce them to leave their position of employment with said Defendants or their affiliated entities.

B. Award Plaintiff his attorney's fees and costs incurred herein; and

C. Award Plaintiffs any and all other such relief in favor of the Plaintiff that this Court deems just and proper under the circumstances.

**COUNT II – BREACH OF CONTRACT**
***(Against Veterans Care Services Administration, LLC and Veterans Home Care, LLC)***

47. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

48. Plaintiff performed his obligations under the Agreement with Defendant VCSA and Defendant VHC, including but not limited to under the Plan and the Award Agreement.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

49. Defendant VCSA and Defendant VHC failed to perform their obligations under the Agreement with Plaintiff, including but not limited to under the Plan and the Award Agreement, by their failure to make payment to Plaintiff of the sums mentioned above and/or stating that they do not intend to do so.

50. As a direct and proximate result of said Defendants' breach, Plaintiff has sustained damages as mentioned above.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendants Veterans Care Services Administration, LLC and Veterans Home Care, LLC, jointly and severally, for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for pre-judgment and post-judgment interest at the highest lawful rate, for recovery of costs incurred by Plaintiff, and for such other and further relief as this Court deems proper.

**COUNT III – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
***(Against Veterans Care Services Administration, LLC, Veterans Home Care, LLC, and Howard Laiderman)***

51. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

52. By virtue of the foregoing, Defendants VCSA, VHC, and Howard Laiderman had a duty of good faith and fair dealing to Plaintiff in connection with Plaintiff's employment by VCSA and/or VHC.

53. By their conduct as stated above including but not limited to their termination of Plaintiff's employment with VCSA and/or VHC under the circumstances present and/or by their failure to pay Plaintiff the sums mentioned above, said Defendants breached their duty of good faith and fair dealing to Plaintiff by acting either completely without basis in fact, or acting upon

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

information from, or opinion of, others that they knew or should have known was incorrect or unreliable.

54. As a direct and proximate result, Plaintiff has sustained damages in the form of loss of his employment and past and future compensation and other benefits, loss of potential material financial benefit to him upon any future sale of the business of VCSA or its affiliated entities or their respective assets, and the potential loss of his ability to earn a livelihood if the Restrictive Covenants contained within the Agreement are enforced.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendants Veterans Care Services Administration, LLC, Veterans Home Care, LLC, and Howard Laiderman, jointly and severally, for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for pre-judgment and post-judgment interest at the highest lawful rate, for recovery of attorney's fees and costs incurred by Plaintiff, and for such other and further relief as this Court deems proper.

**COUNT IV – DEFAMATION**
***(Against Defendant Craig M. Ceranna)***

55. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

56. Defendant Ceranna made the statements set forth in paragraphs 12, 13, and 14 above to other officers or employees of VCSA and/or VHC and to 3rd parties known to do business with Plaintiff and VCSA, which included representations that Plaintiff embezzled or stole substantial sums of money from VCSA and/or VHC.

57. Such representations were false.

58. Defendant knew them to be false, or did not know them to be true.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

59. As a direct and proximate result of his making such statements, Plaintiff sustained damage to his reputation, was accused by VCSA of improper conduct, is not being paid Bonus Payments, Severance and other benefits to which he is entitled, and upon information and belief has been terminated from his employment with VCSA and VHC and has sustained financial loss as set forth above.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendant Craig M. Ceranna for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for recovery of for pre-judgment and post-judgment interest at the highest lawful rate, attorneys' fees and costs incurred by Plaintiff, and for such other and further relief as this Court deems proper.

**COUNT V – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**
***(Against Defendant Craig M. Ceranna)***

60. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

61. Plaintiff had either a contract, relationship or other valid business expectancy with Defendant VCSA and/or Defendant VHC as set forth above.

62. Defendant Ceranna had knowledge of such contract, relationship or expectancy.

63. Defendant Ceranna intentionally interfered with such contract, relationship or expectancy of Plaintiff by making the statements set forth in Paragraphs 11,12, and 13 above.

64. Such statements induced or caused a breach by Defendant VCSA and/or VHC of the said contract, relationship or expectancy by their failure and refusal to pay Plaintiff sums due and owing to him and by terminating his employment with VCSA and/or VHC.

65. Defendant Ceranna was without justification for making such statements and interfering with Plaintiff's contract, relationship or expectancy.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

66. As a direct and proximate result of such conduct on the part of Defendant Ceranna, Plaintiff has sustained damage to his reputation, was accused by VCSA of improper conduct, is not being paid Bonus Payments, Severance and other benefits to which he is entitled and upon information and belief has been terminated from his employment with VCSA and VHC, and has sustained financial loss as set forth above.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendant Craig M. Ceranna for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for recovery of pre-judgment and post-judgment interest at the highest lawful rate, attorneys' fees and costs incurred by Plaintiff, and for such other and further relief as this Court deems proper

**COUNT VI – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**
***(Against Defendant Howard Laiderman)***

67. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

68. Plaintiff had either a contract, relationship or other valid business expectancy with Defendant VCSA and/or Defendant VHC as set forth above.

69. Defendant Howard Laiderman had knowledge of such contract, relationship or expectancy.

70. Defendant Howard Laiderman intentionally interfered with such contract, relationship or expectancy of Plaintiff by relying upon allegations made by Defendant Ceranna that Plaintiff had embezzled money from VCSA as the basis to cause VCSA to terminate Plaintiff's employment with VCSA and VHC, when Defendant Howard Laiderman knew or should have known such allegations were false.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

71. Defendant Howard Laiderman induced or caused a breach by Defendant VCSA and/or VHC of the said contract, relationship or expectancy by their failure and refusal to pay Plaintiff sums due and owing to him and by terminating his employment with VCSA and/or VHC.

72. Defendant Howard Laiderman was without justification for making such statements and interfering with Plaintiff's contract, relationship or expectancy.

73. As a direct and proximate result of such conduct on the part of Defendant Howard Laiderman, Plaintiff has sustained damage to his reputation, was accused by VCSA of improper conduct, is not being paid Bonus Payments, Severance and other benefits to which he is entitled, and upon information and belief has been terminated from his employment with VCSA and VHC, and has sustained financial loss as set forth above.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendant Howard Laiderman for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for recovery of pre-judgment and post-judgment interest at the highest lawful rate, attorneys' fees and costs incurred by Plaintiff, and for such other and further relief as this Court deems proper.

**COUNT VII – BREACH OF PHANTOM STOCK PLAN AND AWARD AGREEMENT**
***(Against Veterans Care Services Administration, LLC and Veterans Home Care, LLC)***

74. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

75. Plaintiff performed his obligations under the Phantom Stock Plan ("Plan") and Award Agreement ("Award") with Defendant VCSA and Defendant VHC.

76. Defendant VCSA and Defendant VHC failed to perform their agreement with Plaintiff by their failure to disclose their calculation of the amount of Award due Plaintiff under

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

the Plan and the basis therefore, and by their failure to begin making monthly payments to Plaintiff of the Award as required by the Plan.

77. As a direct and proximate result of said Defendants' breaches as set forth above, Plaintiff has sustained damages in excess of the sum of $25,000.00 and will continue to sustain damages in the future.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendants Veterans Care Services Administration, LLC and Veterans Home Care, LLC, jointly and severally, for damages in excess of $25,000 in an amount determined to be fair and reasonable to compensate Plaintiff for his damages proven at trial, for pre-judgment and post-judgment interest at the highest lawful rate, for recovery of costs incurred by Plaintiff, and for such other and further relief as this Court deems proper.

**COUNT VIII – VIOLATION OF WHISTLEBLOWER PROTECTION ACT**
***(Against Veterans Care Services Administration, LLC)***

78. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

79. Defendant VCSA is an "Employer" under §285.575 RSMo.

80. Plaintiff engaged in a protected activity by reporting multiple instances of unlawful acts to Defendant VCSA, via Chairman Howard Laiderman, related to Howard Laiderman's harassing treatment of his employees and VCSA's failure to comply with the state laws of New Jersey, Maine, Louisiana, and Arkansas. Plaintiff also reported the issue related to compliance with state law to VCSA's outside counsel.

81. Defendant VCSA failed to respond to Plaintiff Laiderman's serious concerns and instead summarily terminated him the very next day in retaliation for raising concerns about Defendant VCSA's unlawful acts.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendant Veterans Care Services Administration, LLC for compensatory damages in excess of $25,000 related to an unpaid bonus, severance payments, and equity plan award rights, in an amount to be determined at trial, for recovery of pre-judgment interest, attorneys' fees and costs incurred by Plaintiff pursuant to §285.575.8 RSMo, for double the amount of back pay in the form of liquidated damages pursuant to §285.575.7(3) RSMo and for such other and further relief as this Court deems just and proper.

**COUNT IX – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – RETALIATION**
***(Against Veterans Care Services Administration, LLC)***

82. Plaintiff David Laiderman re-alleges and incorporates herein by reference the foregoing paragraphs as if fully set forth herein.

83. Defendant VCSA is an "Employer" under 42 U.S.C. § 2000e(b).

84. During the course of his employment, Plaintiff engaged in protected activity under Title VII, including cooperating in investigations regarding alleged workplace harassment by Defendant VCSA's executives and reporting concerns about such conduct to Defendant VCSA's leadership and outside counsel.

85. Plaintiff also engaged in protected activity by reporting to Defendant VCSA, via Chairman Howard Laiderman, Defendant VCSA's failure to comply with the state laws of New Jersey, Maine, Louisiana, Louisiana and Arkansas.

86. Defendant VCSA failed to respond to Plaintiff Laiderman's serious concerns and instead summarily terminated him the very next day in retaliation for raising concerns about Defendant VCSA's unlawful acts.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

87. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), jointly filed with the Missouri Commission on Human Rights ("MCHR"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964.

88. The EEOC issued a Notice of Right to Sue on or about March 11, 2025, and this cause of action is filed within 90 days of Plaintiff's receipt of that notice.

89. As a direct and proximate result of Defendant VCSA's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial damages including loss of income and benefits.

90. Defendant VCSA's conduct was willful, malicious, and carried out with reckless indifference to Plaintiff's federally protected rights under Title VII. As a direct and proximate result of this retaliatory conduct, Plaintiff has suffered and continues to suffer substantial damages, including loss of income and benefits.

WHEREFORE, Plaintiff David Laiderman prays for judgment in his favor and against Defendant Veterans Care Services Administration, LLC for compensatory damages in excess of $25,000 related to an unpaid bonus, severance payments, and equity plan award rights, in an amount to be determined at trial, for recovery of pre-judgment interest, attorneys' fees and costs incurred by Plaintiff pursuant to 42 U.S.C. § 1981a, equitable relief in the form of back and front pay, and for such other and further relief as this Court deems just and proper.

Electronically Filed - ST LOUIS COUNTY - April 29, 2025 - 02:42 PM

Dated this 29th day of April, 2025.

Respectfully submitted,

BECKEMEIER LEMOINE LAW

By: /s/ Bryan D. LeMoine
Bryan D. LeMoine, #49784
Jennifer L. Deschamp, #58594
Jackson B. Fink, #76825
13421 Manchester Road, Suite 103
St. Louis, Missouri 63131
314 965 2277 (phone)
314 720 8940 (fax/direct)
bryan@bl-stl.com
jennifer@bl-stl.com
jack@bl-stl.com

*Counsel for Plaintiff David Laiderman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically with the clerk of court and served on all parties of record by function of the court's electronic filing system this 29th day of April 2025.

/s/ Bryan D. LeMoine